T. J. LOVELL V. THE STATE.

No. 21829. Delivered January 7, 1942.

The opinion states the case.

*Clark A. Holloway,* of Clarksville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

The State's evidence, briefly stated, shows that on or about the 9th day of February, 1941, some one, by force, entered the Rosalie School Building and took therefrom milk, sugar, bacon, potatoes, flour, lard and a flashlight. Appellant and his wife had separated at the time in question and lived in different houses located about one mile apart. When the burglary was discovered the constable made some investigation with a view of ascertaining who the culprit was. He went to the appellant's home and found a tow sack in the crack of his log cabin. From there the officer went to where the appellant and his wife were cutting wood and talked to him and then together they went to appellant's cabin where he produced a piece of bacon, lard, potatoes, and canned milk, the wrappers of which had been burned off but it had some numbers written thereon with a black lead pencil. The constable also obtained a flashlight from appellant's wife. The piece of meat which appellant turned over

to the constable fitted the piece left at the burglarized premises and showed that it was a part thereof. The canned milk taken from the burglarized premises had a number on the top of the can written with a black pencil. The canned milk which appellant delivered to the constable also had a number written on the top with a black lead pencil. The flashlight was identified by a dent on the end of it. Some of the other commodities returned could not be positively identified.

Appellant did not testify but offered some evidence to the effect that he had purchased some sugar, potatoes and onions on Sunday afternoon, and had a short time theretofore bought flour, lard, meat, etc.

The most significant incriminating circumstance connecting appellant with the burglary is the fact that Lizzie Hamilton, who cooked for the school, had cut through the middling of the meat and the piece which appellant delivered to the constable was fitted on to that piece of bacon left at the burglarized premises. It was the same kind of bacon and fitted perfectly. In our opinion, the evidence is sufficient to sustain the jury's finding as to the appellant's guilt. See Hamilton v. State, 131 Tex. Cr. R. 88, 96 S. W. (2d) 983.

Finding no error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.